(No. 2338.  Jan. 17, 1920.)

TITSWORTH CO. v. ANALLA et al.

SYLLABUS BY THE COURT

1. Failure of the county treasurer to sell a tax sale certificate at public auction at the end of one year after the purchase of the same by the county, as required by section 26,

Titsworth Co. v. Analla, 25 N. M. 628.

c. 22, Laws 1899, does not destroy the right of the treasurer to thereafter sell such certificate at private sale.          P. 630

2.   Where, in a suit to quiet title, the plaintiff alleges that it obtained title by virtue of the purchase of a tax sale certificate and the deed issued upon such certificate, a tax sale certificate and deed offered in evidence, showing the purchase by a party other than the plaintiff, are properly excluded.
                                                      P. 630

3.   Generally in the case of a variance between the allegation of the pleading and the terms of the instrument set out as an exhibit, the exhibit will control.   Where a party in a suit to quiet title alleges that he is the owner of the real estate in question by virtue of a tax sale certificate and tax deed, attaching the same to his complaint as exhibits, and making the same part of his complaint, and such exhibits show no title in the plaintiff, the complaint fails to state a cause of action.
                                                      P. 631

Appeal from District Court, Lincoln County; Medler, Judge.

Suit by the Titsworth Company against Manual Analla, Pedro Pina, and others, to quiet title, with default or disclaimer by all defendants except Pina. Judgment for defendant Pina dismissing the complaint without prejudice, and plaintiff appeals. Affirmed.

GEO. W. PRICHARD, of Santa Fe, for appellant.

C. O. THOMPSON, of Roswell, for appellee.

#### OPINION OF THE COURT

ROBERTS, J.   Appellant, a corporation, filed suit in the district court of Lincoln county to quiet title to certain described real estate.   It alleged that it was the owner of the real estate described and undertook to set out specifically its deraignment of title.   The complaint contained two counts.   Under the first, appellant alleged that it deraigned title by virtue of a certain special master's deed, executed pursuant to a decree of foreclosure. Under the second count, it set up title under a tax deed. It alleged that the property had been sold to the county of Lincoln for delinquent taxes; that a tax sale certificate had been issued by the county; that it purchased the

same and took an assignment thereof, setting forth the dates; that thereafter a tax deed had been issued to it by the county treasurer of Lincoln county. The tax sale certificate and tax deed were designated as Exhibits D and E in the complaint and attached to and made a part of the same by appropriate allegations.

All the parties defendant either defaulted or disclaimed interest, except Pedro Pina, who answered denying the allegations of the complaint, and set up facts which, if true, showed that he was the owner of the legal title. No demurrer was filed to the complaint.

The cause came on for trial before the court, and appellant disclaimed any title under the foreclosure proceedings, but relied solely upon the tax deed. It offered in evidence the tax sale certificate and tax deed, both of which upon objection were excluded. It also offered in evidence a quitclaim deed from Will Titsworth to it, quitclaiming his interest in the real estate in question, which was executed after the complaint was filed herein. It was likewise excluded. No further evidence was offered, and judgment was entered for appellee, Pedro Pina, dismissing the complaint, but without prejudice.

[1, 2] Appellant argues that the trial court excluded the tax sale certificate and tax deed because the certificate was purchased by appellant at private sale more than one year after the sale to the county. This objection was not well taken. In the case of State ex rel. Ols v. Romero, Treasurer, etc., 25 N. M. 290, 181 Pac. 435, the court construed section 36, c. 84, Laws 1913, which is substantially the same as section 26, c. 22, Laws 1899, under which the sale in question was made, and held that the requirement that, if the tax sale certificate was not sold within one year from the date of its purchase by the county at private sale, then it was to be sold at public auction at such delinquent tax sale, but that failure to sell at public auction did not destroy the right of the treasurer to thereafter sell at private sale. But the action

of the court in excluding the tax sale certificate and tax deed is sustainable upon another ground. Under the allegations of the complaint, neither was admissible in evidence because they were wholly immaterial. Appellant alleged in its complaint that it was the owner by virtue of the tax sale certificate and tax deed attached to its complaint. The certificate was assigned by the county to Will Titsworth and the deed was executed to him. As the certificate and deed in question showed no title whatever in the appellant, they were clearly not admissible in evidence. Appellant, as in the case of Oliver v. Enriquez, 17 N. M. 206, 124 Pac. 798, was not content with the general allegation that it was the owner in fee simple of the premises in question, but undertook to specifically set forth its title, claiming title under the tax sale certificate and tax deed attached as exhibits to the complaint. These, as we have said, failed to show any title whatever in appellant.

[3] ''Generally in the case of a variance between the allegations of the pleading and the terms of the instrument set out as an exhibit, the exhibit will control.'' 31 Cyc. p. 563.

The exhibits attached to the complaint herein showed title in Will Titsworth and not in the appellant. As the complaint in question wholly failed to state a cause of action, the judgment in question was the only one that could have been entered. There was no evidence supplying the jurisdictional allegations, admitted without objection, as in the case of Canavan v. Canavan, 17 N. M. 503, 131 Pac. 493, Ann. Cas. 1915B, 1064. It is but fair to counsel for appellant to say that he did not prepare the complaint in question.

For the reasons stated, the judgment will be affirmed, and it is so ordered.

PARKER, C. J., and RAYNOLDS, J., concur.