46 P.(2d) 55

**KUCHAN v. STRONG et al.**

No. 3992.

Supreme Court of New Mexico.

Jan. 8, 1935.

Rehearing Denied May 28, 1935.

L. S. Wilson, of Raton, for appellant.

George E. Remley, of Santa Fé, for appellees.

WATSON, Justice.

Plaintiff sued for $1,000 of compensation alleged to have been unlawfully withheld from him on a log-hauling contract When he had rested, the court sustained defendants' motion for judgment, thereafter making findings of fact and conclusions of law. Plaintiff has appealed.

The contract required plaintiff to haul all cut timber in a certain territory to defendants' sawmill, keeping the mill supplied, and to haul all water needed by the defendants' woodsmen and teams.

Compensation was fixed at $3.50 per M, but with the right to withhold $1 per M on the first half million feet hauled and 50 cents per M on the next one million, "until the faithful performance" of the contract, which "$1,000 so withheld shall revert to the first parties (defend-

ants) as liquidated damages in the event of the breach or nonperformance of any of the terms" of the contract.

The complaint alleged performance of all plaintiff's "duties and obligations under said contract and * * * all the work and labor therein specified * * *" until a named date; that on or about said date, finding that defendants were not scaling the logs honestly or properly, plaintiff notified defendants that he would cease to perform; that he gave ample time to defendants to procure others to complete the contract; that defendants did procure others to complete it; that plaintiff thereupon quit work; that defendants withheld the sum of $1,000 from plaintiff's earnings; that said sum was withheld as a penalty according to a term of the contract purporting to provide for liquidated damages; that defendants were not damaged by plaintiff's abandonment of the work and have no set-offs or counterclaims.

The answer denied all of these allegations, admitting only the execution of the contract.

The court found no evidence of false or dishonest scaling; no evidence of the quantity of logs hauled or of the amounts of money withheld, except an admission by one of the defendants of the retention of about $700; no evidence of performance of the contract "in accord with the true intent and conception there-of"; no evidence to show as matter of law that the damages to defendants from plaintiff's breach of the contract must have been so small as to render the retention of $1,000 "so unjust, disproportionate and inequitable as to constitute such retention a penalty rather than liquidated damages"; and no evidence from which the court could compute defendants' damages, if any.

The court concluded that neither the contract nor the evidence discloses that the sum retained "is a penalty rather than liquidated damages"; that any sum retained was "so retained under the terms and conditions of the contract and in accord therewith," and "was properly and lawfully retained as liquidated damages and under the terms of said contract"; and, considering that the suit is not one for the enforcement of a penalty, but rather to restore an uncertain sum retained, brought by one who alleges his own breach and fails to justify it, that defendants are entitled to judgment of dismissal with prejudice.

■ The principal contention of appellant is that the contract exhibited is one that the courts could not accept as liquidating damages for any breach of it. Although appellees contest the point, we are impressed that it has merit.

Be that as it may, we think that appellant attaches too great consequences to it. He seems to consider that the with-

holding of $1,000 from his earnings was therefore prima facie unlawful, and that he may recover on exhibiting the contract and showing the retention.

We think the trial court correctly held that the withholding was contemplated and justified by the contract. That it is not accepted as an enforceable liquidation of damages is no reason for saying that the provision is void. It is to be given effect as justifying the withholding of the sum specified to indemnify against damages from breach.

Having pleaded his own abandonment, and having failed to justify it, appellant stands here as a contract breaker. The fund was created for this very contingency. A fair and legal adjustment was to be had by turning the fund over to appellant, less the actual damages. By some means the court must be enabled to compute the damages.

 Appellant apparently understood this, for he pleaded that appellees retained the sum as a penalty, which is to say that they retained it regardless of actual damages. And, more specifically, he pleaded that they had suffered no damages.

He contends, however, that, since these allegations are negative and are of matters peculiarly within the knowledge of the appellees, he need not prove them, and that the burden was on appellees to allege and prove the contrary.

It is not always that the negative character of an allegation or the difficulty of proving it will relieve the party of the burden. Young v. Woodman, 18 N. M. 207, 135 P. 86, and other local decisions recently reviewed in Cantrell v. Buck, 36 N. M. 208, 11 P.(2d) 961. Generally the question of burden of proof will be tested by inquiring which party had the affirmative of the issue, as determined by the pleadings. Navajo, etc., Co. v. Gallup State Bank, 26 N. M. 153, 189 P. 1108.

In the case at bar appellant had consented to the building up of the $1,000 fund by the withholding method. He thus gave appellees the advantage of possession of the fund, a position to be disturbed only on claim of a better right. Whether appellant, by pleading or proceeding differently, could have forced appellees to defend their possession, we need not consider. The trial court intimated that he could. He did assume the affirmative of the proposition that appellees had suffered no damages and that they were retaining the fund as a penalty. The allegations being negative, and the facts being peculiarly within the knowledge of appellees, the court no doubt would and should have been indulgent in viewing his showing, but was not required, we think, to relieve him from any showing. We see no more inherent difficulty in establishing in this case that the fund was illegally re-

tained in whole or in part than in establishing in Navajo, etc., Co. v. Gallup State Bank that the sum therein involved had been illegally exacted.

Appellant urges in his reply brief that he did adduce sufficient evidence to satisfy the burden resting upon him as to damages. This is disputed by the finding. Appellant offered no finding regarding damages except "that the evidence fails to show that the defendants received any damage because of any breach of the contract by the plaintiff." This the court accepted. Appellants' theory below was not that he had disproved damages, but that appellees had proven none. We cannot permit him to shift his ground.

Finding no reversible error, we must affirm the judgment and remand the cause. It is so ordered.

HUDSPETH, BICKLEY, and ZINN, JJ., concur.

SADLER, C. J., did not participate.