David Kusnetz, J.
This is a motion by the defendant Bush-wick Hospital for judgment on the pleadings dismissing the first and third causes of action on the ground that they are barred by the Statute of Limitations pleaded in said defendant’s answer.
The complaint contains four causes of action; the first two are in favor of the plaintiff wife for damages for personal injuries, and the third and fourth in favor of her husband for loss of services and medical expenses.
It is alleged in the first and third causes of action of the complaint that on June 20, 1953, two of the four defendant physicians performed a Caesarean section upon the plaintiff wife at the premises of the defendant Bushwick Hospital, in the course of which a sponge was left in her abdominal cavity; that on July 6, 1953, one of such physicians and two others named as parties defendant operated upon her for the removal of said foreign body; that thereafter and until the present date (the summons being dated April 10, 1957) said plaintiff remained under the care of the physicians who performed the Caesarean section for postoperative treatment during which time she bad to submit to two subsequent operations; that at *86 all of the times afore-mentioned the defendant physicians and hospital represented to her that her condition was due to an abdominal abscess and never advised her of the true facts concerning her operation and delivery of June 20, 1953, and that it was not until October 5, 1956, that she learned for the first time that her condition subsequent to the operation of June 20, 1953, resulted from the foreign body that was left in her during the Caesarean section operation. She charges the defendant hospital with negligence in permitting her “to be operated upon by persons unqualified and incompetent to so do; in failing to have a qualified sponge nurse present at the operation; in failing to count the sponges; in failing to properly and adequately supervise the operation room and its procedures therein and # * * otherwise failed to exercise due care and caution of the premises.”
In the second and fourth causes of action of the complaint the material allegations of the preceding causes of action are incorporated by reference with the added allegations that to induce the plaintiffs to refrain from suing in malpractice until the action therefor has been barred by the Statute of Limitations, each of the defendants, with knowledge of plaintiff’s condition, and knowing that she would rely upon their representations, falsely represented to her that her operation of July 6,1953 was for an abdominal abscess; that she relied upon such representations and refrained from instituting suit for more than two years after her operations of June 20, 1953 and July 6, 1953.
The preliminary procedural objection of the plaintiffs that the defense of the Statute of Limitations may not be decided on a motion for judgment on the pleadings, since the facts set up in the defense are deemed controverted under section 243 of the Civil Practice Act must be overruled. While it is true that when a defendant moves for judgment on the pleadings the court ordinarily will pay no heed to defenses consisting of new matter, because such defenses are deemed controverted by the plaintiffs (Lipkind v. Ward, 256 App. Div. 74), the complaint in this action expressly states the date when the alleged malpractice occurred. Under these circumstances the court may decide the question whether the action is barred by the defense of the Statute of Limitations pleaded in the answer, since section 476 of the Civil Practice Act permits a court to render judgment in favor of any party at any state of an action if warranted by the pleadings and the admissions of a party or parties. (See Moore v. City of Yonkers, N. Y. L. J., May 20, 1958, p. 9, col. 7.) The unconditional admission in plaintiffs’ complaint that the malpractice — the leaving of the sponge in the plaintiff wife’s abdominal *87 cavity in the course of a Caesarean operation — occurred on June 20, 1953, permits of no controversy and requires no proof (Tisdale v. President, etc., of Delaware & Hudson Canal Co., 116 N. Y. 416, 419) and is, therefore, an admission within the meaning of section 476 of the Civil Practice Act warranting the consideration of the question of the validity of the defense of the Statute of Limitations, which in a malpractice case is two years after the cause of action has accrued. (Civ. Prac. Act, § 50.)
To avoid the applicability of the foregoing Statute of Limitations, the plaintiffs contend that the doctrine of estoppel should be invoked by reason of the defendants’ failure to advise the plaintiff wife of the true facts concerning her operation and delivery of June 20, 1953, and their alleged representation that her condition was due to an abdominal abscess.
Whatever may be the fate of plaintiffs’ second and fourth causes of action, which are based upon the defendants’ intentional fraudulent misrepresentation of fact as to the reason for the operation of July 6, 1953 (see Tulloch v. Haselo, 218 App. Div. 313, 315), the gravamen of the first and third causes of action, which alone are sought to be dismissed upon this motion, is the negligence or malpractice of the defendant hospital in connection with the operations which the plaintiff underwent in its premises in 1953. As to these causes against the hospital, the statute began to run from the date of the original operation and not from the date of the discovery of the malpractice. (Conklin v. Draper, 229 App. Div. 227, affd. 254 N. Y. 620; Budoff v. Kessler, 284 App. Div. 1049; Calabrese v. Bickley, 208 Misc. 407, mod. 1 A D 2d 874; Golia v. Health Ins. Plan of Greater New York, 7 Misc 2d 919, 921.) It should be noted that there is no allegation as to the hospital, similar to paragraph ‘ ‘ Eleventh ’ ’ with respect to the two physicians who performed the operation, that the plaintiff wife remained under their care for postoperative treatment until the present date, presumably the date of the commencement of this action. (Sly v. Van Lengen, 120 Misc. 420.)
The court is, accordingly, constrained to grant the motion of the defendant hospital and to dismiss the first and third causes of action as to it upon the ground that they are barred by the two-year Statute of Limitations.
Submit order.