487 P.2d 127

**AMERICAN INSTITUTE OF MARKETING SYSTEMS, INC., Plaintiff-Appellee,**

**v.**

**Donald G. KEITH and William C. Thompson, Individually and d/b/a Keith & Thompson, Defendants-Appellants.**

**No. 9003.**

Supreme Court of New Mexico.

June 30, 1971.

Modrall, Sperling, Roehl, Harris & Sisk, John R. Cooney, Albuquerque, for appellants.

Sutin, Thayer & Browne, Jonathan B. Sutin, Albuquerque, for appellee.

## OPINION

STEPHENSON, Justice.

This action for anticipatory breach of a written installment contract was tried to the court and judgment was entered for the plaintiff-appellee (AIMS). Defendants-appellants (Broker) appealed.

The parties entered into a written contract which by its terms required AIMS to furnish certain services and materials designed to facilitate sales of real estate for which Broker agreed to pay $2,610.00 in thirty-six monthly payments of $72.50 each less a down payment of $145.00. It also obligated Broker to purchase nine "marketing presentations" and pay therefor $2,632.50. Broker, after making the down payment, disavowed the contract, refused to make further payments and this suit followed.

Broker asserts error in the exclusion of certain evidence and the court's award of damages.

During trial the court reserved ruling on objections to a good deal of testimony offered by Broker concerning conversations between Broker and AIMS' agent at and prior to the execution of the contract. The objections were grounded upon the parol evidence rule and an assertion that fraud was not an issue. Ultimately the court ruled that such evidence violated the parol evidence rule, would be excluded, and that he therefore would "necessarily" find the issues in favor of AIMS. The excluded evidence tended to show that AIMS' agent, prior to execution of the contract, orally represented that AIMS had developed and would make available to Broker a residential financing technique whereby employees of major corporations transferred to Albuquerque or its environs could have the equities in their homes purchased from them by a corporation affiliated with AIMS, known as Relocation Finance Corporation, so that Broker could immediately close a sale of a home in Albuquerque; that such representations were the principal motivating factor in Broker's entry into the contract and that Broker understood these arrangements to be embodied in paragraph 2(f) of the contract by which AIMS agreed "to make available to broker new residential financing techniques as and when developed by AIMS."

Various findings were made by the court favorable to AIMS. AIMS devotes much of its brief to demonstrating that these findings are supported by substantial evidence. This contention misses the point. The question is whether the court erred in excluding the mentioned evidence. What the court's findings might have been had the excluded evidence been considered is speculation.

The fourth and fifth defenses in Broker's answer are:

"That the consideration for the promises of defendants failed, and defendants have been released from their obliga-

tions, if any, under the contract described in plaintiff's complaint because of the failure of such consideration.

"That a material inducement to defendants to enter into the contract described in plaintiff's complaint was the promise on the part of plaintiff to establish and maintain a residential real estate referral program for defendants and to make available to defendants new residential financing techniques, and that plaintiff breached the said contract by failing or refusing to perform such promises."

Broker asserts that the parol evidence rule does not require exclusion of evidence of fraud, particularly in the inducement. However this may be, the difficulty with Broker's position is that there is no plea of fraud, which is an affirmative defense (Rule 8(c), Rules of Civil Procedure [§ 21–1–1(8) (c), N.M.S.A., 1953] ), the circumstances of which must be stated with particularity. Rule 9(b), Rules of Civil Procedure [§ 21–1–1(9) (b), N.M.S.A., 1953]. The fourth defense is a plea of failure of consideration and the fifth is of breach of contract. Broker asserts the gist of the defense is that misrepresentations were made concerning facts which did not exist or promises which AIMS did not intend to perform, but there is no plea of either the misrepresentations or the intention.

Broker says that even if there were technical deficiencies in pleading fraud, "in the interests of justice the pleadings are to be regarded as amended in accordance with the evidence" presumably relying upon Rule 15(b), Rules of Civil Procedure [§ 21–1–1(15) (b), N.M.S.A., 1953]. AIMS correctly points out that this rule cannot apply because the issue of fraud was not tried by express or implied consent nor did Broker seek an amendment.

Broker further asserts that the phrases in paragraph 2(f), "residential financing techniques" and "as and when developed by AIMS" are ambiguous, and that parol evidence should be admitted to explain that paragraph. Although the former phrase is mildly puzzling, it may be doubted that either are sufficiently ambiguous to fall within the exception to the parol evidence rule. Assuming, arguendo, that evidence was admissible to explain either or both, and that the phrases were then explained in minute detail, we fail to see how Broker would benefit, absent a plea of fraud or some other effective defense predicated upon the explanation.

Broker next claims that the excluded evidence was properly admissible to show that the consideration was different from that expressed in the contract, asserting that Broker's motivating force in executing the contract was the supposed residential refinancing technique. Broker is thus attempting to equate its reason for signing the contract with the consideration which supports it.

As to consideration, the contract provides:

"In consideration of One Hundred Forty-Five Dollars ($145.00) the receipt of which is hereby acknowledged and other good and valuable consideration, and the mutual promises herein contained, Broker and AIMS agree * * *."

Broker cites and relies upon Morstad v. Atchison, T. & S. F. Ry. Co., 23 N. M. 663, 170 P. 886 (1918). The principle of law contended for is of no aid to Broker. It is true that parol evidence is admissible to show that consideration for a contract is greater, lesser or different from that expressed, but this cannot be extended to vary or alter other provisions of the contract. It is said in Morstad, supra:

"* * * it is always competent to show by parol that the consideration for the contract was greater or less than or different from the one expressed."

In Pople v. Orekar, 22 N.M. 307, 161 P. 1110 (1916), after quoting Jones on Evidence, § 468, it was said:

"The same author also states the rule to be that the real consideration may be proved, although different from that expressed in the writing, *unless the parol*

*testimony tends to change the contract itself, in which event parol evidence is not admissible.*" (Emphasis ours.)

That case was cited with approval, with the same quotation and the same emphasis in Alford v. Rowell, 44 N.M. 392, 103 P.2d 119 (1940). In Alford, as here, it was claimed that the excluded evidence was the inducing cause of execution of the contract. The court said:

"If a parol contemporaneous agreement be the inducing cause of the written contract, or forms a part of the consideration therefor, and it appears the writing was executed on the faith of the parol agreement or representation, extrinsic evidence is admissible. In such cases, the real basis for its admission is to show fraud. The principle which admits such evidence under the conditions stated has no application, however, where the parol agreement relates directly to the subject of the written contract, even though it be alleged, as in the case at bar, that the written contract was signed upon the faith of the oral promises. [Citations omitted.]"

 In this case, the evidence excluded relates directly to the subject of the contract and moreover there is no plea of fraud.

See also 4 Williston On Contracts, § 642 (3rd ed. 1961) and Annot. 100 A.L.R. 17 (1936).

We accordingly hold that the court below did not err in its exclusion of the evidence of which Broker complains in this appeal, and now turn to an examination of the subject of damages.

The trial court awarded AIMS judgment for all of the installment payments provided in the contract to be made by Broker, less the down payment, and for all of the marketing presentations. The court further allowed interest on the total amount of the judgment from June 15, 1966, that being the date of the first default in payment of an installment.

Broker, on the subject of damages, contends that:

A. The court erred in awarding the entire unpaid amount of the contract. Since AIMS was not required to perform its obligations, savings accrued to it and the award should have been reduced by the amount thereof. AIMS bore the burden of proving the amount of such savings and having failed to prove them, the award is defective and should be struck down.

B. The court erred in awarding damages for payments which, by the terms of the contract, fell due after February, 1967, when AIMS entered into a similar contract with another Albuquerque realtor. One of AIMS' witnesses testified the latter contract would not have been executed had Broker performed.

We find it unnecessary to resolve these issues. The contract provides in part:

"* * * Broker further agrees to pay for all goods and services contracted for the full term of this Agreement: * * *"

and in a subsequent section:

"Broker agrees to pay for all Marketing Presentations as agreed to herein and as contracted for by the terms of this Agreement, * * *."

 Subject to certain limitations not applicable here, parties to a contract may fix the sums to be paid as damages in the event of a breach. Gruschus v. C. R. Davis Contracting Co., 75 N.M. 649, 409 P.2d 500 (1965); Van Sickle v. Keck, 42 N.M. 450, 81 P.2d 707 (1938); Kuchan v. Strong, 39 N.M. 281, 46 P.2d 55 (1935).

 Finally, Broker complains of the court's having allowed interest on the full sum of the damages awarded from June 15, 1966, the time when the first installment which was not paid fell due. The contract does not include any acceleration clause, one of the few features which it

lacks. We consider the Broker's contention regarding interest as meritorious.

The trial court is directed to set aside its judgment for the purpose of recomputation of interest including therein an award of interest on each installment and payment only from the time such installment or payment ought to have been made according to the terms of the contract. Except for this recomputation, the holding of the trial court is affirmed.

It is so ordered.

COMPTON, C. J., and TACKETT, J., concur.