516 P.2d 1123

**James O. HOLMES, Laurie Holmes, his wife, and Nancy E. Walker, Plaintiffs-Appellees,**

v.

**Joseph J. FAYCUS and Patricia A. Faycus, his wife, Defendants-Appellants.**

**No. 1051.**

Court of Appeals of New Mexico.

Nov. 21, 1973.

William S. Dixon, Rodey Dickason, Sloan, Akin & Robb, P. A., Albuquerque, for defendants-appellants.

Michael Joseph Caplan, Legal Aid Society of Albuquerque, Albuquerque, for plaintiffs-appellees.

OPINION

HERNANDEZ, Judge.

The circumstances out of which this appeal arose are as follows: The plaintiffs on or about August 28, 1971 contacted the defendants seeking to rent a house owned by defendants and located in the Village of Corrales. On that date an oral lease was entered into the term of which was one of the issues litigated below. The plaintiffs took possession of the premises on September 1st and on September 29th the defendants served notice upon them that their lease would terminate on October 31, 1971. The plaintiffs filed suit on November 2, 1971 and simultaneously secured an ex parte order enjoining the defendants from "* * * removing or causing the removal of Plaintiffs. * * *" Plaintiffs' complaint alleged fraud for inducing them to enter into a one year lease when defendants intended to evict them as soon as they had sold the house in which defendants were living. They prayed for actual and punitive damages, attorneys fees and "* * * [t]hat the Court declare and adjudicate the rights and interest of the parties."

On November 4th, 5th, and 6th the son of the defendants and three other individuals came on the leased premises and collected tree stumps, branches, etc. They piled them in the entryway so that plain-

tiffs had to cross the property of the adjoining owner in order to get in and out. There was an exchange of words and throwing of rocks. Both of the defendants were on the premises at various times when these incidents occurred. The defendants were cited before the trial court on an order to show cause why they should not be held in contempt for failure to abide by the order of November 2nd. The trial court dismissed the motion upon failure to prove that the son and the three others were acting as agents or employees of the defendants.

The plaintiffs in the course of their opening statement made mention of the incidents that occurred on November 4th, 5th, and 6th. The court questioned the propriety of going into these incidents since they had occurred subsequent to the filing of the complaint. The plaintiffs, over the objections of defendants, sought to amend the complaint " * * * to show and include as part of our damages the events that occurred on the 4th, 5th, and 6th * * *" The request to amend was denied. At the close of defendants' opening statement the plaintiffs again renewed their request to amend which was again denied. Several times during the course of the trial plaintiffs' attorney questioned witnesses concerning the incidents of the 4th, 5th, and 6th over the objections of defendants.

The trial court concluded " * * * [t]hat there was a parol lease between Plaintiffs and Defendants for a period of one year * * *" and that acts of the defendants amounted to " * * * constructive if not actual eviction." The trial court awarded actual and punitive damages plus attorney's fees and costs.

Defendants allege eight points:

"(1) The court erred in awarding an attorney's fee to appellees;

"(2) The district court erred in allowing recovery for constructive eviction since this cause of action was never plead by plaintiffs;

"(3) The findings of fact of the district court do not state essential facts sufficient to support a conclusion of law or a judgment based on constructive eviction;

"(4) There was no substantial evidence to support a finding No. 10 that appellants committed a constructive eviction;

"(5) The district court erred in finding that there was an enforceable parol lease between appellants and appellees for one year;

"(6) The admission of testimony as to the contents of the tape taken on November 6 without proper authentication of the recording was reversible error;

"(7) The district court erred in awarding punitive damages, and;

"(8) The district court erred in allowing testimony with respect to improper elements of damages."

We will consider them in order.

As to their first point plaintiffs conceded at oral argument that they were not entitled to attorney's fees.

Defendants' second point is well taken. "A judgment may not grant relief which is neither requested by the pleadings nor within the theory on which the case was tried." Federal National Mortgage Ass'n. v. Rose Realty, Inc., 79 N.M. 281, 442 P.2d 593 (1968). Plaintiffs' requests to amend their complaint were denied. See McLean v. Paddock, 78 N.M. 234, 430 P.2d 392 (1967).

We turn now to defendants' fifth point since our decision as to the second obviates consideration of points three, four, and six. Our Supreme Court in Childers v. Talbot, 4 N.M. (Gild.) 336, 16 P. 275 (1888), determined that the Statute of Frauds (29 Charles II) has been adopted as part of the law of New Mexico. The second section provides:

"Except, nevertheless, all leases not exceeding the term of three years from the making thereof, whereupon the rent reserved to the landlord during such term shall amount unto two-thirds parts,

at the least, of the full improved value of the thing demised." 27 C.J. Frauds, Statute of, § 1, p. 123, n. 8 [a] 2.

Defendants contend that the trial court's conclusion of law on this point is at variance with *Childers* and urges reversal for this reason. The conclusion reads as follows:

"2.. That under the statute of frauds, in the State of New Mexico, and under the rule of the Supreme Court of the State of New Mexico, in the case of Wm. B. Childers, Appellant, v. W. E. Talbott, Appellee, 4 N.M. 336 [16 p. 275], a parol lease is valid which does not extend beyond three years from the making thereof."

Defendants argue that *Childers* " * * * held that an oral lease of more than a year and less than three years was valid under the second section of the statute of frauds if the rent reserved to the landlord is 'at least two-thirds of the rental value of the demised premises' ".

They are both partially correct. *Childers* held that a lease is valid

" * * * provided the term does not exceed three years from the making thereof * * * Notwithstanding an action will not lie on such an agreement while it is merely executory, that is, until entry thereunder by the lessee, yet, when a tenancy has been actually created and rent paid, or by entry alone, an action will lie, and the terms of the tenancy may be proved by parol."

The rent provision

" * * * is satisfied * * * by showing that the rent reserved is at least two thirds of the rental value of the demised premises."

 A trial court will not be reversed when it has arrived at the correct result for a wrong reason. See Beall v. Reidy, 80 N.M. 444, 457 P.2d 376 (1969) ; Tsosie v. Foundation Reserve Insurance Company, 77 N.M. 671, 427 P.2d 29 (1967). The testimony that the rent being paid by plaintiffs exceeded the rental value of the premises was uncontradicted.

Neither in its findings of fact and conclusions of law nor in its judgment did the trial court make any determination as to plaintiffs' allegation of fraud so that the items of damages obviously were awarded as damages incident to the constructive eviction. Consequently defendants' seventh and eighth points are rendered moot by the resolution of point two. As was stated in Otero et al. v. Toti, 33 N.M. 613, 273 P. 917 (1928), "The trial court tried and determined issues not before him."

The judgment is affirmed in part and reversed in part. We find the parol lease for one year valid, but reverse on the question of damages. The cause is remanded to the trial court with instructions to vacate its judgment and enter a new judgment in conformance with this decision. Each of the parties to bear their own costs.

It is so ordered.

HENDLEY and LOPEZ, JJ., concur.