525 P.2d 891

**Ted GROFF and Christine Groff, Plaintiffs-Appellees, Cross-Appellants,**

**v.**

**CIRCLE K. CORPORATION, Defendant-Appellant, Cross-Appellee.**

**No. 1314.**

Court of Appeals of New Mexico.

Aug. 7, 1974.

William C. Madison, Branch, Dickson, Dubois & Wilson, Albuquerque, for appellant.

Raymond G. Sanchez, Albuquerque, for appellees.

## OPINION

HENDLEY, Judge.

Plaintiffs recovered damages as a result of defendant's construction of a store and parking lot which caused surface waters to discharge onto plaintiffs' property. Defendant appeals asserting lack of substantial evidence and contributory negligence. Plaintiffs' cross-appeal relates to the trial court's finding and award for plaintiffs' failure to mitigate damages.

We affirm on defendant's appeal and reverse on plaintiffs' cross-appeal.

Defendant built a new store on a parcel of land south of plaintiffs' lot. Prior to defendant building the store the drainage of surface waters on the lot to the south of plaintiffs was generally away from plaintiffs' lot. The two lots were approximately the same elevation. During the construction of defendant's store it built up the lot with fill-dirt three or four feet higher than plaintiffs' lot. Before defendant's construction was completed plaintiffs observed a run-off of surface water from defendant's dirt-filled lot. Defendant was notified of the problem, but no action was taken. Subsequently, defendant blacktopped the parking area. Most of the surface water which fell on this area drained onto plaintiffs' lot. This caused damage to plaintiffs' house and studio (converted garage). The house foundation and footings settled, interior and exterior walls sunk and cracked, and the floors buckled. The studio was flooded so that it could not be used for its intended purpose.

*Appeal on Substantial Evidence*

It is defendant's position under this point that the trial court erred by not granting defendant's motion for a directed verdict.

Defendant would have us differentiate between the rules stated in Rix v. Town of Alamogordo, 42 N.M. 325, 77 P.2d 765 (1938) and Martinez v. Cook, 56 N.M. 343, 244 P.2d 134 (1952), and their factual applicability to this case. We have no reason

to do so. Both cases clearly hold that a landowner " . . . may not collect and concentrate . . . water, by means of drains or otherwise, and then turn it upon his neighbor's land in a volume." Rix v. Town of Alamogordo, supra. The same rule was fully stated in Little v. Price, 74 N.M. 626, 397 P.2d 15 (1964), quoting with approval from Canon Cy. & C.C.Ry. Co. v. Oxtoby, 45 Colo. 214, 100 P. 1127 (1909):

" ' * * * In our view of the facts, however, we do not think it makes any difference which rule is to be followed; for whether the relative rights of adjacent landowners as to surface waters is to be determined by the civil-law, or the common-law, or the so-called modified rule, under neither has one owner the right to collect in an artificial channel, or reservoir, or pond, surface water, and discharge it upon his neighbor's lands to his injury, in a different manner from that in which it would naturally flow, if not interfered with, or to cast it in a greater volume, or permit it to escape, thereon in a more injurious way, either upon the surface, or under the surface, by the natural law of percolation.' "

Defendant did not actually use drainpipes and culverts to rechannel the water. But there was evidence that established that defendant, by the manner in which it changed the grade of the land and paved the parking lot, produced an "artificial channel" where water was being collected and discharged onto plaintiffs' property causing damage.

Denial of the directed verdict motion was proper.

### Appeal on Contributory Negligence

■ Defendant next contends that plaintiffs were guilty of contributory negligence. Our answer is that contributory negligence was not plead, raised by an affirmative pleading (§ 21–1–1(8)(c), N.M. S.A.1953 (Repl.Vol.1970)), or tried by express or implied consent (§ 21–1–1(15)(b), N.M.S.A.1953 (Repl.Vol.1970)). Neither did defendant seek an amendment to his pleadings. American Institute of Marketing Sys., Inc. v. Keith, 82 N.M. 699, 487 P.2d 127 (1971). Accordingly, the affirmative defense of contributory negligence was waived. Fredenburgh v. Allied Van Lines, Inc., 79 N.M. 593, 446 P.2d 868 (1968).

The appeal is without merit.

### Cross Appeal on Mitigation of Damages

The trial court found that " . . . [p]laintiffs failed to take steps to mitigate their damages as were reasonable and by reason therefore their damages are attributable to their own inaction in the amount of $2,000.00." Was there substantial evidence to support this finding of $2,000.00? Our answer is in the negative.

■ The trier of fact can use knowledge gained by a view of the premises " . . . not only to interpret the evidence offered, but also as independent evidence of the facts as these appear to him." Board of County Com'rs of Dona Ana County v. Little, 74 N.M. 605, 396 P.2d 591 (1964).

■ The trial court's view of the premises in and of itself, however, will not satisfy the requirement of substantial evidence to support a finding. City of Truth or Consequences v. Pietruszka, 81 N.M. 3, 462 P.2d 137 (1969); Board of County Com'rs of Dona Ana County v. Little, supra. To support a finding there must be substantial evidence of record.

■ Here, the record is void of substantial evidence to support the finding that anything plaintiffs could have done would have lessened their damages in the amount of $2,000.00. There being no substantial evidence to support the finding, it must be set aside and the $2,000.00 included in the amount of the judgment award.

The judgment is affirmed except for that portion relating to mitigation of damages which is reversed.

It is so ordered.

WOOD, C. J., and LOPEZ, J., concur.