This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JEANETTE KOUKOL,**

    Petitioner-Appellant,

v.                                                   **NO. 30,487**

**KEITH BOUNDS,**

    Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**J. C. Robinson, District Judge**

New Mexico Legal Aid
Alicia Clark
Silver City, NM

for Appellant

Gonzales Law Firm
R. Nathan Gonzales
Silver City, NM

for Appellee

## MEMORANDUM OPINION

**VANZI, Judge.**

Petitioner Jeannette Koukol appeals the district court's decision declining to consider her pleadings amended to conform to the evidence under Rule 1-015(B) NMRA. We affirm.

**BACKGROUND**

On September 21, 2009, Koukol filed a verified petition for an order of protection from domestic abuse against Keith Bounds. The petition detailed an alleged incident of domestic abuse that occurred on September 16, 2009. Koukol stated that Bounds had punched her in the face and ribs, kicked her in the legs, stomped on her foot, and she stated that she feared for her life. In response to a question on the petition asking whether there had been prior domestic abuse, Koukol marked the box "yes" and did not provide any additional information.

The domestic violence special commissioner (special commissioner) found probable cause to believe that an act of domestic abuse had occurred, and the district court issued a temporary order of protection. Pursuant to NMSA 1978, Section 40-13-4(A)(3) (2008), of the Family Violence Protection Act (the Act) the district court scheduled a hearing before the special commissioner in order to determine whether to extend the order of protection.

Four days before the scheduled hearing, on October 16, 2009, Koukol filed a motion for restorative and compensatory damages, requesting the court award her

damages for expenses related to the alleged occurrence of domestic abuse as allowed by the Act. NMSA 1978, § 40-13-5(A)(5) (2008). The Act provides that "[u]pon finding that domestic abuse has occurred or upon stipulation of the parties, the court shall enter an order of protection." Section 40-13-5(A). "As part of any order of protection, the court may . . . order the restrained party to reimburse the protected party . . . for expenses reasonably related to the occurrence of domestic abuse, including medical expenses, counseling expenses . . . [and] the expense of lost wages[.]" Section 40-13-5(A)(5).

In the motion for damages, Koukol described the September 16, 2009 incident and, for the first time, asserted claims for an incident of domestic abuse that had allegedly occurred several months earlier. Specifically, Koukol claimed that "[o]n or about July 9, 2009, [Bounds] committed a battery on [Koukol] which resulted in a severe injury to her right wrist and prevented her from continuing with her job as a waitress at the Drifter Restaurant in Silver City." The motion sought compensation for medical expenses and lost wages, as well as compensation for the cost of gas for travel to domestic violence counseling sessions as a "result of the above incidents." Koukol amended her motion four days later with regard to the dollar amounts she was seeking for medical bills and lost wages. Neither motion specified which expenses were related to which alleged incident of abuse.

3

At the October 20, 2009 hearing before the special commissioner, the parties agreed to a one-year stipulated order of protection. As a result of the stipulation, the special commissioner did not enter any findings as to the September 16, 2009 occurrence of domestic abuse. Also at the hearing, Bounds moved to strike Koukol's motion for damages based on lack of notice and because Koukol had not offered proof of the incident or injury for which she sought compensation. The special commissioner denied the motion to strike but suggested a continuance of trial in order to give Bounds sufficient time to review and respond to Koukol's motion for damages. The parties agreed to the continuance for the purpose of a hearing on Koukol's motion; however, Bounds objected to any testimony concerning the July 9, 2009 incident on the ground that the incident was not properly pled. The district court entered the order of protection, and entered a separate order continuing the hearing on Koukol's motion for damages.

The special commissioner held the hearing on Koukol's motion for damages on November 30, 2009. At the start of the hearing, Bounds moved to exclude evidence on Koukol's claims for failure to provide the complete discovery, which the special commissioner denied. Bounds then moved to dismiss Koukol's claims related to the July 9, 2009 incident, arguing that Koukol could not recover damages for this incident because she failed to include it when she petitioned for the order of protection and,

thus, it was improperly pled. Finally, Bounds argued that Koukol's claims should be dismissed for insufficiency of the evidence. The special commissioner did not rule at that time, and the hearing proceeded.

The special commissioner heard testimony and admitted evidence related to the alleged incident of domestic abuse that occurred on July 9, 2009, when Bounds allegedly pushed Koukol into a door, fracturing her wrist. After the hearing, the parties submitted proposed findings of fact and conclusions of law, and the special commissioner then submitted her written recommendation to the district court. *See* Rule 1-053.1(F)(2) NMRA; *see also* NMSA 1978, § 40-13-10(A)(4) (2005).

The special commissioner recommended that Koukol's motion for compensatory and restorative damages be denied. The special commissioner concluded that there were no specific allegations concerning the July 9, 2009 incident and that, therefore, Koukol could only recover damages related to the September 16, 2009 act of domestic abuse as alleged in her petition. The special commissioner further found that Koukol failed to establish that she was entitled to payment for medical and therapy related expenses or lost wages for the September 16, 2009 incident. Koukol filed objections to the recommendation with the district court pursuant to Rule 1-053.1(G). Citing Rule 1-015(B), Koukol asserted that the July 9, 2009 incident was tried by the implied consent of the parties and that the district court

was therefore required to treat the incident as if it had been raised in the pleadings.

After reviewing the submissions, including the record proper, the district court entered an order denying Koukol's objections. With regard to the September 16, 2009 incident alleged in the petition for order of protection from domestic abuse, the district court adopted the special commissioner's conclusion that there was no evidence to support an award of damages related to that incident. The district court further ruled that it did not have jurisdiction to award damages related to the July 9, 2009 incident because that incident was not alleged in Koukol's petition or amended petition, and Koukol had not moved to amend her petition to include it. Although the district court acknowledged that Koukol claimed the July 9, 2009 incident was tried by the implied consent of the parties pursuant to Rule 1-015(B), it nevertheless determined that the incident was never tried. Koukol timely appealed.

**DISCUSSION**

As a preliminary matter, we note that Koukol argues that Rule 1-015(B) is applicable to her claims here, and Bounds does not argue to the contrary. Therefore, for the purposes of our analysis, we have assumed without deciding that Rule 1-015(B) applies to the circumstances before us.

Koukol contends that the district court erred when it refused to consider her pleadings amended pursuant to Rule 1-015(B) to include the alleged July 9, 2009

6

incident of domestic abuse. We review the district court's ruling for an abuse of discretion. *Schmitz v. Smentowski*, 109 N.M. 386, 390, 785 P.2d 726, 730 (1990) ("Amendments are within the trial court's discretion and will be reversed on appeal only for abuse of discretion."). This Court has observed that Rule 1-015(B) may be divided into two parts. *Branch v. Mays*, 89 N.M. 536, 538, 554 P.2d 1297, 1299 (Ct. App. 1976). The first part of the rule applies to amendments of the pleadings where parties do not object to trial of an issue that was not raised by the pleadings, while the second part applies when evidence is objected to at trial. *Id.* We discuss each part of Rule 1-015(B) as it applies to the facts of this case.

The first part of Rule 1-015(B) provides,

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.

Under this part of Rule 1-015(B), trial courts are required to allow amendment of the pleadings when the predicate showing of consent to trial of the issues is made. *Enriquez v. Cochran*, 1998-NMCA-157, ¶ 55, 126 N.M. 196, 967 P.2d 1136. Whether there was consent to trial is a determination left to the trial court and is also reviewed under the abuse of discretion standard. *Id.*

7

Koukol argues that Bounds expressly and impliedly consented to litigation of the issues raised in her motion for damages and, therefore, the district court was required to consider her pleadings amended under Rule 1-015(B). For the reasons that follow, we disagree.

Koukol asserts that Bounds consented to trial of the July 9, 2009 incident because he did not object to the continuance granted by the special commissioner for the purpose of litigating Koukol's motion for damages and that, therefore, he implicitly agreed to litigate the issues in the motion. Our review of the record does not support Koukol's claim that Bounds failed to object to the continuance. The record shows that while Bounds did agree to a continuance for the purpose of litigating the motion for damages, the motion for damages identifies two incidents of alleged abuse: the one alleged to have occurred on July 9, 2009, and the one alleged to have occurred on September 16, 2009. At the October 20, 2009 hearing at which the continuance was granted, Bounds specifically objected to Koukol's claims relating to the July 9, 2009 incident as improperly pled. Furthermore, at the November 30, 2009 hearing on Koukol's motion for damages, Bounds again objected to trial of the July 9, 2009 incident as improperly pled and moved to have those claims dismissed. Indeed, Bounds explicitly stated that he did not agree to a trial on the claims related to the July 9, 2009 incident. On these facts, it is clear Bounds objected to the

continuance of the damages hearing insofar as it was granted to include litigation of the July 9, 2009 incident. We recognize that the special commissioner heard evidence and took testimony regarding that incident and the damages as a result of the injury; however, the testimony was taken over Bounds' objection and cannot be used to show implied consent. *See Apodaca v. AAA Gas Co.*, 2003-NMCA-085, ¶¶ 73-74, 134 N.M. 77, 73 P.3d 215 (concluding the objecting party did not impliedly consent to trial of a claim when it had strenuously objected to trying the claim); *Branch*, 89 N.M. at 537-39, 554 P.2d at 1298-1300 (holding that there is no implied consent to trial of an issue not pled where opposing party objected to evidence related to the issue not raised by the pleadings). In this case, we agree with Bounds that he did not consent to the trying of the July 9, 2009 incident. Accordingly, Koukol's pleadings cannot be considered amended under the first part of Rule 1-015(B). "[W]here evidence has been admitted over objection and the pleadings have not been amended, no amendment can be implied." *In re Valdez*, 88 N.M. 338, 340, 540 P.2d 818, 820 (1975) (internal quotation marks and citation omitted). The district court did not abuse its discretion by ruling that "[t]he July 9, 2009 incident was never 'tried'" by the express or implied consent of the parties. *See Credit Inst. v. Veterinary Nutrition Corp.*, 2003-NMCA-010, ¶ 19, 133 N.M. 248, 62 P.3d 339. ("[T]he trial court may not grant judgment for relief which is neither requested by the pleadings nor within

9

the theory on which the case was tried." (internal quotation marks and citation omitted)).

Koukol further argues that even if Bounds did not consent, the amendment should be allowed because he had notice and failed to show prejudice. This contention invokes the second part of Rule 1-015(B), which provides,

> If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

This Court has interpreted the second part of Rule 1-015(B) to mean that when evidence is objected to on the ground that it is not within the issues raised by the pleadings, "the court may allow the pleadings to be amended when the proponent seeks or offers an amendment." *Branch*, 89 N.M. at 538, 554 P.2d at 1299 (internal quotation marks omitted); *In re Valdez*, 88 N.M. at 340, 540 P.2d at 820 (holding that an issue not raised in the pleadings was not properly before the court where the opposing party objected to evidence on the issue, and the party seeking to try the issue did not offer an amendment to their complaint).

In the present case, Koukol did not move for an amendment to her petition and, consequently, the issue was not preserved for review by the district court. In short,

the district court, upon its review of the record, could not infer from the motion for damages that a motion to amend the pleadings seeking to include an order of protection for the July 9, 2009 incident had been made. *Berry v. Meadows*, 103 N.M. 761, 768, 713 P.2d 1017, 1024 (Ct. App. 1986) ("A trial court does not have the power *sua sponte* to amend a party's pleadings.")

Further, in her objections to the special commissioner's recommendation, Koukol only argued that her pleadings should be amended based on Bounds' consent to trial of the issue. She did not present the district court with any evidence that she moved to amend her original petition under Rule 1-015(B), either in writing or orally, at any of the hearings before the special commissioner. Without a motion to amend, the district court was not presented with a legal issue to rule upon or apply the correct legal standard to, and could not amend Koukol's pleadings sua sponte. Because Koukol did not alert the district court to any argument under the second part of Rule 1-015(B), we conclude that she did not preserve the argument in the district court.

To the extent that Koukol contends that this Court must consider her original petition to have been amended because of the express representation by the special commissioner that the merits of Koukol's motion for damages would be litigated at the hearing on the continuance, we find nothing in Rule 1-015(B) to support this contention. As we have noted, without a motion by Koukol seeking or offering an

amendment to the pleadings, the issue was not properly before the special commissioner who did not have the power to sua sponte amend the pleadings. *See Branch*, 89 N.M. at 538-39, 554 P.2d at 1299-1300. Accordingly, because the July 9, 2009 incident was not pled and the requirements of amending the petition under Rule 1-015(B) were not met, we hold that the district court did not abuse its discretion when it refused to consider Koukol's original petition for order of protection amended to include the July 9, 2009 incident.

On appeal, Koukol also argues that the district court erred by failing to apply the correct burden of proof regarding medical expenses and denying her claim for lost wages. These damages stem specifically from the July 9, 2009 incident. We observe that the district court noted that the Act is not the only avenue available to Koukol to pursue her claim for damages and that she could seek monetary relief for the alleged July 9, 2009 battery in either magistrate or district court. *See* NMSA 1978, § 40-13-6(I) (2008) (noting that "[t]he remedies provided in the . . . Act are in addition to any other civil or criminal remedy available to the protected party").

**CONCLUSION**

For the reasons set forth above, we affirm the decision of the district court.

**IT IS SO ORDERED.**

_____

12

**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**TIMOTHY L. GARCIA, Judge**