237 P.2d 818

ALLEN et ux. v. REICHERT.
No. 5388.

Supreme Court of Arizona.
Dec. 3, 1951.

Ashby I. Lohse, of Tucson, for appellants.

John C. Gung'l, of Tucson, for appellee.

DE CONCINI, Justice.

Mrs. Reichert, the plaintiff recovered a judgment in the trial court against Mr. and Mrs. Allen in the sum of $531.71 for damages resulting from two leaking roofs on some improved property, consisting of three cottages she purchased from the Allens, the appellants herein. The chronology of events leading up to the conveyance of the premises were as follows:

Plaintiff, through a saleswoman of a broker, after having inspected the property made a written offer (Plaintiff's Exhibit A) to defendants on April 29, 1948, and defendants accepted and signed the offer after several changes suggested by their attorney had been made, on April 30, 1948. On or about the 15th of May, the exact date being in dispute, the parties met for the first time and immediately before that meeting or soon thereafter signed Defendants' Exhibit 1, the final *Contract for Sale of Real Estate* dated May 13, 1948. The acknowledgements showed that the plaintiff signed on May 19th although she admitted she may have signed before the 15th; and that the defendants signed on May 17, 1948. Neither of these agreements made any mention of warranties regarding the roofs of the buildings.

Plaintiff's complaint consisted of two causes of action. The first cause was for fraud and misrepresentation. It was dismissed on motion of the defendants at the close of plaintiff's case and no cross-appeal was taken by the plaintiff herein.

The second cause of action was grounded on express warranties. At the close of plaintiff's case defendants moved to "strike all testimony of the witnesses with reference to any conversation in apartment 'A' on or about the 15th day of May, 1948, with reference to the roof". The court then asked counsel for plaintiff if he wished to amend and he replied, "Yes, that is right."

The court then said: "State what you propose to amend. What do you propose to to do about it, Mr. Gung'l? Unless you wish to offer an amendment to conform to the proof, I'm going to grant the motion to strike."

This was in reference to the only conversation the parties had before the plaintiff went into possession of the premises. Thereupon plaintiff asked and it was granted that the second cause of action be amended as follows: "* * * sold and delivered said premises and the possession thereof to her, and the defendant then and there, *on April 29, 1948 and on May 15, 1948 implicdly warranted* the said buildings and the roofs thereon to be in all respects, fit, proper, habitable for use as dwelling units * * *." (The italicized portions made up the trial amendment.) Immediately upon allowing the amendment defendants moved for judgment under the second cause of action. The motion was denied.

Defendants on appeal raise a number of assignments of error. The disposition of assignment (c) is all that is necessary to dispose of this appeal. It is as follows: "(c) In denying the defendants' motion for judgment under the second cause of action as amended on the ground that said cause of action failed to state a cause of action on which relief could be granted."

■ Counsel for both plaintiff and defendants admit that the rule of implied warranties is not applicable to the sale of real property. See Williston on Contracts, Revised Edition, Vol. 4, sec. 926, p. 2603: "* * * Still more clearly there can be no warranty of quality or condition implied in the sale of real estate * * *" and also 55 Am.Jur., Vendor and Purchaser, sec. 368, page 795; Combow v. Kansas City Ground Investment Co., 358 Mo. 934, 218 S.W.2d 539, annotated in 8 A.L.R.2d 213.

■ There was before the court at that time only the second cause of action on implied warranties. Admittedly implied warranties do not apply to the sale of real estate. Therefore the lower court was in error by not granting defendants' motion for judgment under the state of the pleadings at that time. Furthermore at no time were the pleadings subsequently amended nor did the defendants agree by implied consent to try the case on any other issue.

Reversed with instructions to enter judgment for the defendants.

UDALL, C. J., and STANFORD, PHELPS and LA PRADE, JJ., concur.