470 P.2d 710

Clayton E. BLAKEWAY, Appellant,

v.

TEXAS BUSINESS INVESTMENTS CO., a Texas corporation, and Small Business Administration, as Receiver for Texas Business Investments Co., Appellees.

No. 1 CA–CIV 1066.

Court of Appeals of Arizona,
Division 1,
Department B.
June 18, 1970.

Moore, Romley, Kaplan, Robbins & Green, by Craig R. Kepner, Phoenix, for appellant.

Lutich, D'Angelo & Wilson, by Richard A. Wilson, Phoenix, for appellees.

HAIRE, Judge.

The question presented on this appeal is whether the trial court, by allowing a post-trial amendment of plaintiff's first amended complaint, in effect deprived defendant of an opportunity to be heard in defense against the claim upon which plaintiff was allowed to recover.

The factual background and procedural circumstances of this case are as follows. Clayton E. Blakeway, appellant herein, was among several defendants sued by plaintiff-appellee herein, Texas Business Investments Co. (hereinafter T.B.I.C. or plaintiff) on a promissory note executed by Wilshire Construction Co. (hereinafter Wilshire). This promissory note, on its face, was personally guaranteed by Wilshire's shareholders (defendants Bennett, Roberts and Logan) and was secured by pledges of their shares in Wilshire. The case went to trial on plaintiff's first amended complaint which alleged that the defendants, including appellant Blakeway, had "assumed and agreed * * * in writing" to pay the obligation of Wilshire if Wilshire defaulted on the note. Blakeway's answer put in issue the foregoing allegation.

Since appellant had not, as had some other defendants, signed the note as a guarantor, appellant sought by interrogatory to discover the identity of the writing wherein he purportedly guaranteed Wilshire's obligation on the note. In response to said interrogatory, T.B.I.C. pointed to only one document, a letter from Blakeway to the president of T.B.I.C., Donald McGregor.

The matter was tried to the court sitting without a jury. Several times during the course of the trial, plaintiff's counsel sought to elicit testimony as to oral representations purportedly made by appellant Blakeway to various other parties to the suit. Each such attempt was met with a strong objection by Blakeway's attorney that as plaintiff's claim was founded solely upon a *written contractual assumption* of Wilshire's obligation, testimony as to any *oral representations* was improper and was directed towards "* * * a completely different lawsuit than what we have in the pleadings and in the discovery here." After several such occurrences at trial, the court reminded counsel that it was sitting without a jury, and, in view of that fact it would let in evidence of marginal or questionable materiality but would exclude improper evidence from its deliberations directed towards a final judgment.

After both parties rested, the trial court took the matter under advisement, and entered an order allowing plaintiff to amend his first amended complaint to conform to the proof and allowing defendants to answer. The court also asked counsel for all parties to file proposed findings of fact with the court. Two months later plaintiff filed a second amended complaint "to conform to evidence" which, like the findings of fact and conclusions of law later adopted by the court in its final judgment, was to the effect that Blakeway fraudulently misrepresented to T.B.I.C. (1) that a sale of shares in Wilshire had been consummated, (2) that the vendees thereof (Greig and Coffeen) had executed personal guarantees of Wilshire's note in favor of T.B.I.C., and (3) that therefore T.B.I.C. could

release the vendor of those shares (Bennett) from his personal guarantee of the note and could also release the lien of its pledge on Bennett's shares.

Blakeway filed several motions after trial including one to strike plaintiff's post-trial second amended complaint "to conform to evidence", arguing that it raised entirely new issues which had not been tried and against which he would now have "no opportunity to respond or present evidence." The trial court denied this motion, as well as his motion for new trial, and his objections to the trial court's findings of fact and conclusions of law. After judgment was entered for plaintiff T.B.I. C., Blakeway timely appealed.

We believe that under the circumstances Blakeway was clearly deprived of his day in court on the issue of fraudulent misrepresentations. The complaint upon which appellant based his discovery and his defense in light of the sole document thereby discovered were all geared to plaintiff's announced theory of recovery: appellant's alleged written guaranty of Wilshire's obligation to plaintiff under the promissory note. Appellant therefore had no reason to undertake discovery or prepare a defense based upon fraud or any other theory. He timely objected to evidence introduced directed towards theories of recovery other than that pleaded by plaintiff, only to be met by the trial court's statement that "the rules of evidence are much more relaxed in a non-jury trial." In overruling Blakeway's objections the trial court gave no indication which would have put him on notice that the testimony being let in over objection would be the subject of a post-trial amendment of pleadings. When, in response to the trial court's order allowing it, plaintiff filed its (second) amended complaint which, for the first time injected the issue of fraud into the pleadings, defendant timely objected to such amendment as allowing a recovery based upon a theory either not tried or—for lack of an opportunity to prepare a defense and defend against it—improperly tried.

■ We believe that at that point the trial court should have granted appellant's motion for a new trial since, as stated in the motion, it erred in admitting testimony directed towards a theory of recovery against which appellant had no reason to prepare and in fact did not prepare a defense. Hall v. Delvat, 95 Ariz. 286, 389 P.2d 692 (1964). A case cited by plaintiff in support of the trial court's allowing the amendment, In re Estate of McCauley, 101 Ariz. 8, 415 P.2d 431 (1966), is not in point here since appellant's objections were clearly to the effect that the objectionable testimony was not within the issues framed by the pleadings and since he has more than adequately shown his resulting prejudice.

■ In addition to its foregoing erroneous admission of testimony, we feel that the trial court erred under the facts disclosed herein by allowing the amendment sounding in fraud.[1] Where "* * * a different defense would be required under the amendment, [made after all the evidence is in] * * * the defendant cannot be said to have had a fair opportunity to defend against the [new] issue raised * * *." Otness v. United States, 23 F. R.D. 279 (D.C.Alaska 1959). The opportunity to be heard in defense against an adverse claim is "[t]he fundamental requisite of due process of law". Grannis v. Ordean, 234 U.S. 385, 394, 34 S.Ct. 779, 58 L.Ed. 1363 (1914); Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct 652, 94 L.Ed. 865 (1950). *See*

---

1. Rule 9(b), Rules of Civil Procedure, 16 A.R.S., requires particularity in pleading the "circumstances constituting fraud". One *reason* for this requirement is that fraud embraces

"* * * such a wide variety of potential conduct that a defendant needs

a substantial amount of particularized information about plaintiff's claim in order to enable him to understand it and *effectively prepare his response.*" (Emphasis added). (5 Wright & Miller, Federal Practice and Procedure § 1296 at 400 (1969).

*generally* Phoenix Metals Corp. v. Roth, 79 Ariz. 106, 284 P.2d 645 (1955); Findlay v. Board of Sup'rs, 72 Ariz. 58, 230 P.2d 526 (1951); 16A C.J.S. Constitutional Law § 569(4)a (1956); 16 Am.Jur.2d Constitutional Law § 574 at 979 (1964) (Due process requires that a party "* * * shall have the right to * * * set up any defense which he may have in the cause.") (Footnote omitted).

Plaintiff further argues however, that by failing to request a continuance, appellant Blakeway waived any right to argue in this Court that he was prejudiced in the trial court. The case plaintiff cites for that proposition, Fidelity & Deposit Co. v. Krout, 157 F.2d 912 (2d Cir. 1946), does not so state nor is it applicable herein. In Krout, *supra,* the court clearly announced at trial that it would permit the requested amendment and then expressly *offered* the defendant Krout a continuance to meet the allowed amendment, which Krout refused. Without herein expressing any view as to whether a trial court has the duty to offer the objecting party a continuance or whether that party has the burden of requesting a continuance, we hold that where, as here, evidence is admitted at trial over an objection that it is outside the issues framed by the pleadings and there is no indication that such evidence is being admitted by the trial court pursuant to Rule 15(b) rather than that such evidence is allowed as being admissible under the pleadings as they stood at the trial's inception, the objecting party, by failing to request a continuance, loses no right to urge on appeal that a subsequent amendment to conform to that evidence was prejudicial error.

Our holding relating to the trial court's error in allowing amendment of plaintiff's complaint to sound in fraud also applies to an allowed amendment sounding in estoppel *in pais* to the extent, if any, that it was separate from the fraud allegation.

Inasmuch as plaintiff's counsel expressly admitted at the time of oral argument that the evidence did not support a recovery by plaintiff on the theory upon which the case went to trial, it is not necessary for us to discuss in detail that theory and the Statute of Frauds affirmative defense pleaded by defendant Blakeway in response thereto. Suffice it to say that we agree with plaintiff's counsel. In our opinion the Statute of Frauds defense was clearly applicable to bar recovery on the theory initially espoused.

The judgment entered by the trial court is reversed and the cause remanded for further proceedings consistent with this opinion.

EUBANK, P. J., and JACOBSON, J., concur.