636 P.2d 98

Frank SMITH and LaDonna Smith,
his wife, Appellees,

v.

CONTINENTAL BANK, an Arizona
Corporation, Appellant.

No. 14697.

Supreme Court of Arizona,
In Division.

Oct. 26, 1981.

Murphy & Posner by Daryl M. Williams,
K. Bellamy Brown, Phoenix, for appellant.

Leo Crowley, Flagstaff, for appellees.

HOLOHAN, Vice Chief Justice.

Frank and LaDonna Smith, appellees, filed an action against appellant Continental Bank for rescission of a contract for the purchase of a house. The action, which was tried to the superior court sitting without a jury, resulted in a judgment denying rescission but granting recovery for breach of contract. The bank filed a timely appeal, and the Smiths filed a cross-appeal. This court assumed jurisdiction pursuant to Rule

19(e), Rules of Civil Appellate Procedure, 17A A.R.S.

The evidence presented at trial was that in 1972 the bank agreed to finance a builder in the development of six single-family residences in Flagstaff, Arizona. The builder subsequently defaulted on his obligations to the bank. The bank initiated foreclosure proceedings on the housing project and the bank completed the foreclosure proceedings in 1975. The construction of the residences within the project was 90 to 95 percent complete. After gaining title, the bank entered into an agreement with another builder to complete construction of certain off-site improvements and to finish the houses.

In 1976, the Smiths purchased one of the residences in the project from the bank. Prior to purchasing the house, the Smiths inspected the property, noting several conditions which they wanted corrected. The Smiths submitted a written offer to purchase subject to three conditions: namely, that the lot be leveled, that the utilities be inspected and accepted by the city, and that the drainage facilities of the property be approved by the city. The bank accepted the Smiths' offer including the three conditions.

After the Smiths took possession of the property in January 1977, they discovered various conditions which they considered to be defective. These conditions included water seepage under the house, uneven floors, leaking water pipes, missing window screens, and a broken sidewalk. In April 1977, the Smiths, through their attorney, sent the bank a notice demanding that repairs be made or the Smiths would rescind the contract. In response to the notice a representative of the bank inspected the house, and he directed a contractor hired by the bank to make some repairs. The Smiths were dissatisfied with the bank's efforts and they then brought an action seeking rescission of the contract based upon the alleged defective conditions.

After the matter was tried, the trial court ruled that there was no basis for rescission of the purchase contract, but the trial judge on his own motion amended the Smiths' complaint to allege a claim for breach of contract by the bank for failure to carry out a promise to repair the defective conditions in the house. Judgment was entered in accordance with the ruling of the trial judge, and the Smiths were also awarded attorney's fees.

The first issue on appeal is whether the Smiths should have been granted rescission of the real estate purchase contract. The Smiths argue that the trial court erred in refusing to grant rescission because the bank breached the implied warranties present in the sale of a home under Arizona law; and also the bank failed to deliver a newly-constructed frame house to the Smiths as required by the contract.

The purchase contract prepared by the Smiths lists three conditions which have previously been described. The Smiths complained that the grading and leveling, one of the required conditions, was never completed. In addition, the Smiths argue that the home was defective and, therefore, they contend that they are entitled to rescission for breach of an implied warranty of fitness.

Some of the earlier decisions by this court have held that the rule of implied warranties is inapplicable to the sale of real property. *Allen v. Reichert*, 73 Ariz. 91, 93, 237 P.2d 818, 819–820 (1951); *Voight v. Ott*, 86 Ariz. 128, 132, 341 P.2d 923, 925 (1959). The theory of the older cases was that the seller does not impliedly warrant the conditions of the premises because the provisions of the contract of sale are deemed to merge into those of the deed, which embodies the full agreement of the parties. Later cases have cast doubt on the rule stated in *Voight*. See *Kubby v. Crescent Steel*, 105 Ariz. 459, 460, 466 P.2d 753, 754 (1970). In *Columbia Western Corporation v. Vela*, 122 Ariz. 28, 33, 592 P.2d 1294, 1299 (App.1979), the court of appeals held that the builder-vendor of a new home "impliedly warrants that the construction was done in a workmanlike manner and that the structure is habitable."

The bank argues that it is not necessary to decide whether the rule in *Columbia*

*Western* should be adopted because this case does not involve a builder-vendor situation. The bank is not engaged in the business of building and selling homes, and there is nothing in the record which shows that the bank in any way held itself out as a builder of homes.

We agree with the position of the bank. The record shows that the original builder completed most of the project, and the bank merely contracted with another contractor to finish the project. The bank cannot be said to have warranted the construction because it did not do the construction work. The status of the bank is not changed by the fact that its officers reviewed and approved the original plans and specifications. Such actions by the bank are for the protection of its security and not for the benefit of future buyers.

There was no breach of implied warranty and the Smiths' claim for rescission must rest on their claim of a material breach of the conditions of the contract.

The appellees argue that they did not receive a "new frame construction house" as provided in the purchase contract, and the construction was so defective as to constitute a failure of consideration.

■ The purchase contract was drawn by the appellees after they had inspected the property. The phrase "new frame construction" was not further defined. The appellee Frank Smith testified at trial that he was aware of the fact that the property had been built for some years. With such knowledge in the appellees, we believe the position of the trial court that the phrase in question should be construed to mean "previously unoccupied," was proper.

■ Concerning the contention that there was defective construction, the trial court found that the defects could be repaired for $2,235. From the amount required to repair the defects, the trial court concluded that the defects were not substantial enough to merit rescission of a $33,-000 house sale. We find no error in this conclusion.

■ The final issue is raised by the appellant bank. After the trial of the case and after the arguments of counsel, the trial court, on its own motion, amended the complaint to include a claim for damages for the defects discovered in the house. The trial court ordered judgment on the amended claim in favor of appellees and against the appellant bank. The appellant challenges this ruling.

Rule 15(b), Rules of Civil Procedure, 16 A.R.S. provides:

15(b) Amendments to conform to the evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment, but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

Rule 15(b) can be divided into two parts. 3 Moore's Federal Practice ¶ 15.13[2] (2d ed. 1980). The first part of the rule makes it mandatory for the court to amend the pleadings to conform to issues tried by the express or implied consent of the parties. When objection is made to evidence introduced with respect to an issue not raised in the pleadings, there can be no implied consent. *Hall v. Delvat*, 95 Ariz. 286, 290, 389 P.2d 692, 695 (1964). In the instant case, there was neither express nor implied consent because the appellant bank objected to evidence about the alleged defective condi-

tions and to appellant's alleged voluntary promise to repair. Consequently, the first part of Rule 15(b) is inapplicable to this case.

What is applicable to the present case is the second part of Rule 15(b): specifically, the meaning to be attached to the phrase "the court may allow the pleadings to be amended and shall do so freely." We must decide whether the second part of Rule 15(b) grants a court power *sua sponte* to amend a party's pleadings.

The New Mexico Court of Appeals dealt with this problem in *Branch v. Mays*, 89 N.M. 536, 554 P.2d 1297 (1976). Like Arizona's, New Mexico's version of Rule 15(b) is identical to that of the federal rule. In *Branch, supra,* the court of appeals reversed a trial court's ruling, made at the close of final argument, amending the plaintiff's complaint to allege special damages in an action for slander of title. The plaintiff had not offered or sought a trial amendment. The court of appeals ruled that a trial court does not have the power to amend a party's pleadings on its own motion. Rather, it is only when the proponent seeks or offers an amendment may the court allow the pleadings to be amended.

Traditionally, Arizona courts have held that amendments to conform the pleadings to the evidence pursuant to Rule 15(b) should be liberally allowed. *Leigh v. Swartz,* 74 Ariz. 108, 112, 245 P.2d 262, 265 (1952). Should this liberality include amendments on the trial court's own motion? We conclude, as the court did in *Branch, supra,* that the trial court does not have the power to amend a party's pleadings on the court's own motion to conform to the evidence.

Under the second part of Rule 15(b) the trial court has the discretion to either grant a motion to amend, deny it, or "grant a continuance to enable the objecting party to meet such evidence." We believe the trial court assumes the role of judge and advocate if the court has the power to amend the pleadings on its own motion. At most, the trial court has the power to suggest to counsel the necessity for an amendment.

*See American Universal Ins. Co. v. Sterling,* 203 F.2d 159, 164–165 (3rd Cir. 1953).

Unlike the situation in *Sterling, supra,* the instant case involves more than a technical defect in the pleading. Here, the trial court amended the pleadings to assert a new substantive claim. The appellant had objected throughout the trial to any evidence concerning repairs or a promise to repair. The appellees in turn were concentrating on establishing a case for rescission. The theory of recovery based on a promise to repair was not tried by consent. We therefore hold that the trial court erred in amending on its own motion appellees' pleadings.

The judgment of the superior court in favor of the appellees on the contract claim and for an award of attorney's fees is reversed. The judgment of the superior court in favor of the appellant on the rescission claim is affirmed.

HAYS and CAMERON, JJ., concur.