CONCURRING: GARYE L. VÁSQUEZ and VIRGINIA C. KELLY, Judges.

307 P.3d 996

**CAROLINA H., Appellant,**

v.

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY, J.R., Appellees.**

**No. 1 CA–JV 13–001.**

Court of Appeals of Arizona, Division 1, Department B.

Aug. 13, 2013.

Gillespie, Shields & Durrant, P.L.C. by DeeAn Gillespie, Phoenix, Attorneys for Appellant.

Thomas C. Horne, Attorney General by Nicholas Chapman–Hushek, Assistant Attorney General, Phoenix, Attorneys for Appellee, Arizona Department of Economic Security.

**VACATED AND REMANDED**

PORTLEY, Judge.

¶ 1 In this case we address whether the juvenile court can amend a petition for dependency on its own motion after the adjudication, in order to determine that the child is dependent. Because we determine that the court cannot amend the petition on its own motion after the hearing, we vacate the order and remand the matter to the court.

## FACTS AND PROCEDURAL HISTORY

¶ 2 The Arizona Department of Economic Security ("ADES") received a report that Carolina H. ("Mother") struck her eleven-year-old son in the mouth on one occasion in November 2011.[1] After contacting Mother, ADES provided her with in-home family preservation services to address both her parenting skills and discipline techniques. Mother failed, however, to fully participate in the services and refused to voluntarily submit to a hair follicle test.

¶ 3 The child was subsequently removed and placed with a relative. ADES filed a dependency petition [2] alleging that Mother was unable to safely parent her child because she was physically and verbally abusing the child and abusing drugs. The case proceeded to adjudication and, after a two-day trial, the juvenile court found that ADES had failed to prove the allegations in the petition. The court, however, determined that there was a "substantial disconnect" between Mother and child, and Mother "did not desire to have the child in her care until ... therapeutic counseling ha[d] resolved the issue." As a result, the court found that the child was dependent.

¶ 4 We have jurisdiction over Mother's appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 8–235(A) and 12–120.21(A)(1) (West 2013).

---

1. The caption has been amended to safeguard the identity of the minor child pursuant to Administrative Order 2013–0001.

2. The dependency petition initially included the child's brother, but that portion of the petition was dismissed before trial.

## DISCUSSION

¶ 5 Mother contends the court erred by finding the child dependent after determining that ADES had failed to prove the allegations in the petition. We review the court's interpretation and application of the dependency statute de novo. *Meryl R. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 24, 25, ¶ 4, 992 P.2d 616, 617 (App.1999).

¶ 6 A parent has a constitutional right to raise his or her child without government intervention. *Troxel v. Granville*, 530 U.S. 57, 65, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000); *Santosky v. Kramer*, 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982); *Stanley v. Illinois*, 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972); *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248, ¶ 11, 995 P.2d 682, 684 (2000); *Maricopa Cnty. Juv. Action No. JS–500274*, 167 Ariz. 1, 5, 804 P.2d 730, 734 (1990). The government may not interfere with that fundamental right unless a court finds that: (1) the parent is unable to parent the child for any reason defined by statute; and (2) the parent has been afforded due process. *See Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶¶ 22, 24, 110 P.3d 1013, 1018 (2005); *Maricopa Cnty. Juv. Action No. JD–561*, 131 Ariz. 25, 27, 638 P.2d 692, 694 (1981).

¶ 7 Before a child can be found dependent, the State must allege and prove by a preponderance of the evidence one of the grounds found in § 8–201(13)(a), which may include the fact that a child is "[i]n need of proper and effective parental care and control" and has no parent willing or able to exercise such care and control. A.R.S. § 8–201(13)(a)(i) (West 2013); A.R.S. § 8–844(C)(1)(a)(ii) (West 2013). Additionally, after the evidence has been presented, the juvenile court must find that ADES met its burden of proof and the factual allegations in the petition are true. A.R.S. § 8–844(C)(1)(a)(ii); Ariz. R.P. Juv. Ct. 55(E)(3). If, however, the court "[d]oes not find by a preponderance of the evidence that the allegations contained in the petition are true, the court shall dismiss the petition," and return the child to the parent. A.R.S. § 8–844(C)(2); Ariz. R.P. Juv. Ct. 55(E)(2).

¶ 8 Here, the juvenile court determined that ADES failed to demonstrate by a preponderance of the evidence that the child was dependent. Specifically, after considering the testimony of the school resource officer and examining the child's medical records, which did not substantiate the child's report of physical abuse, the court found ADES did not prove the allegation that Mother had physically abused the child. Moreover, after considering the testimony, including the negative results from Mother's hair follicle test, the court found that ADES had not demonstrated by a preponderance of the evidence that Mother was abusing drugs and could not safely parent the youngster. The court, as a result, was statutorily required to dismiss the petition.[3] A.R.S. § 8–844(C)(2).

¶ 9 Instead of dismissing the petition, the juvenile court, concerned about the possible need for therapeutic counseling,[4] determined that there was a substantial disconnect between Mother and her eleven-year-old that warranted the dependency finding. The court made its determination even though a "substantial disconnect" had never been alleged in the dependency petition or added by amendment as a result of the adjudication evidence. The court, moreover, failed to cite any statutory basis to justify its conclusion that a substantial disconnect could support the legal determination of dependency.

¶ 10 ADES contends, however, that even though it did not seek to amend its petition to conform to the evidence, the court had the discretion to deem the petition amended to conform to the evidence pursuant to Arizona Rule of Civil Procedure ("Rule") 15(b).[5] We disagree.

¶ 11 Our supreme court squarely addressed the issue in *Smith v. Continental*

---

3. ADES did not file a cross-appeal challenging the court's findings of fact or legal conclusions. As a result, we are bound by the court's findings that ADES did not prove its allegations of dependency.

4. Although the child had been examined for physical abuse, there had been no mental health evaluation or examination to determine whether he had any mental health issues that needed to be addressed.

5. Arizona Rule of Procedure for the Juvenile Court 55(D)(3) provides that any amendments made to conform to the evidence shall be made pursuant to Rule 15(b).

*Bank,* 130 Ariz. 320, 323, 636 P.2d 98, 101 (1981). In that case, the trial court amended plaintiff's complaint on its own motion after trial to include a claim for damages and then ordered judgment on the claim as amended against the defendant. *Id.* at 322, 636 P.2d at 100. After noting that a trial court has the power to suggest to counsel the necessity for an amendment, our supreme court found that Rule 15 does not grant a court "the power to amend a party's pleadings on the court's own motion to conform to the evidence." *Id.* at 323, 636 P.2d at 101. As a result, the judgment was reversed. *Id.*

¶ 12 The *Smith* analysis is applicable here to protect the constitutional rights of Mother to parent her child. Both ADES and Mother presented evidence and argued their respective positions. The juvenile court took the matter under advisement and entered its order. The court did not suggest to ADES that it might need to amend the petition before the hearing ended or allow Mother to challenge any such amendment. The court, moreover, did not allow Mother the opportunity to factually challenge its theory of dependency. Consequently, to allow the court to amend the petition after all the evidence had been presented and without any opportunity for Mother to challenge the factual basis for the dependency determination that had not been alleged undermines Mother's right to due process and her fundamental liberty interest to parent her child. *See, e.g., Kent K.,* 210 Ariz. at 284, ¶ 24, 110 P.3d at 1018; *Blakeway v. Tex. Bus. Invs. Co.,* 12 Ariz.App. 390, 392, 470 P.2d 710, 712 (1970). Accordingly, we vacate the dependency order and remand the matter to the juvenile court to dismiss the petition.

## CONCLUSION

¶ 13 Based on the foregoing, we vacate the determination of dependency and remand the matter for proceedings consistent with this decision.

CONCURRING: RANDALL M. HOWE, Presiding Judge and PATRICIA A. OROZCO, Judge.