NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

TOMEKA C., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, C.C., K.C., *Appellees.*

No. 1 CA-JV 16-0100
FILED 9-15-2016

Appeal from the Superior Court in Maricopa County
No. JD19356
The Honorable Sally S. Duncan, Judge

**AFFIRMED**

COUNSEL

David W. Bell, Attorney at Law, Phoenix
By David W. Bell
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By JoAnn Falgout
*Counsel for Appellees*

---

## MEMORANDUM DECISION

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Jon W. Thompson joined.

---

**K E S S L E R**, Judge:

**¶1**            Tomeka C. ("Mother") appeals the juvenile court's ruling that K.C. and C.C. ("the Children") are dependent. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**            K.C., born 1999, and C.C., born 2000, are two of Mother's seven biological children. Dependency petitions have been filed for six of the seven children, and Mother has had child protective services involvement eight times in three states.

**¶3**            The Department of Child Safety ("DCS") filed a dependency petition in May 2015 as to K.C. and C.C.[1]  DCS alleged that the Children were dependent as to Mother due to abuse and neglect, and that she was unable or unwilling to provide proper and effective parental care and control.[2] *See* Arizona Revised Statutes ("A.R.S.") § 8-201(14)(a)(i), (iii) (2015).[3] DCS alleged in the petition that Mother physically abused the Children in May 2015. The petition also alleged that the Children reported that Mother had said she was leaving and did not want to care for them, and that they would "turn out just like their fathers, in prison." Mother did not appear at the first dependency hearing, and the juvenile court heard evidence and found the Children dependent. The court granted Mother's motion to set aside the dependency finding and held a new hearing in February 2016.

---

[1] The petition included G.C., another child of Mother's, but he was dismissed from the petition after he turned eighteen in October 2015.

[2] The juvenile court found that the Children were dependent as to their fathers as well. The fathers are not parties to this appeal.

[3] Amended by 2016 Ariz. Legis. Serv. ch. 300, § 8-201 (2nd Reg. Sess.) (West).

¶4            In the DCS reports to the juvenile court, which were admitted without objection, DCS stated that K.C. had informed DCS that Mother had been hitting C.C. in May 2015 and when he intervened, she began hitting him with her hand and a metal stick. DCS also reported that in a team decision meeting, Mother had walked out but told DCS that everything the children had said was true, she had hit K.C. and that she "can't do it anymore." The DCS case manager testified that since 2010 there had been "a recurring theme of neglect and verbal abuse and physical abuse" on the part of Mother. He also testified that K.C. had stated at the beginning of the case, and most recently a week before the dependency hearing, that Mother hit him and C.C.

¶5            Mother testified that in May 2015, for the second or third time, the police brought C.C. home around 4:00 a.m., and C.C. did not have her baby with her.  Mother and C.C. searched the house to find where C.C. had left the baby the night before. Mother conceded she was "fussing" and "ranting and raving" at C.C. for almost half a day because she had left her baby alone again. However, Mother denied the petition's allegation that she was hitting C.C., K.C. intervened, and then Mother hit K.C. with a "closed fist and a broom stick" leaving marks. Mother testified K.C. had "pushed past" her and so she pushed him back and that she was "yelling and fussing at him" when he began punching holes through a wall. She testified that she hit him on his back to make him stop, but that she did not use a closed fist or broomstick. The police arrived and arrested K.C., but they did not file charges against Mother. Mother testified that this was the only physical altercation she has had with K.C., but she also testified that she has used physical discipline with the Children in the past. Mother conceded that she could not control the Children's behavior.

¶6            Mother testified that she had completed four hours of an online parenting class in January 2016, but that "it was all the same general knowledge that [she] already [had]." She testified that she completed two other parenting series for her previous employment, but had not taken any other classes on her own. She testified that she had "tried everything" in regards to disciplining and parenting the Children, including case management, having someone move in to help her, installing home security, enrolling the Children in church and summer programs, and hiring a babysitter for C.C.

¶7            The juvenile court found that DCS proved the allegations in the dependency petition by a preponderance of the evidence and found no reason to disbelieve the physical abuse that the Children had reported. The court found that "Mother's testimony strained credibility completely," that

she "minimized what the children had reported," and that she had not told the truth about the events in May 2015. The court specifically found that Mother abused and, or, neglected the Children according to the allegations in the petition.

¶8        Mother timely appealed the dependency finding. We have jurisdiction pursuant to A.R.S. §§ 8-235(A) (2014), 12-120.21(A)(1) (2003), and -2101(A)(1) (Supp. 2015).

## DISCUSSION

¶9        On appeal, Mother argues that the juvenile court abused its discretion in finding that she: (1) was unwilling or unable to exercise proper and effective parental care and control; and (2) abused or neglected the Children.

¶10       Before the juvenile court makes a dependency finding, DCS must prove by a preponderance of the evidence one of the statutory grounds for dependency. A.R.S. § 8-201(14)(a); *Carolina H. v. Ariz. Dep't of Econ. Sec.*, 232 Ariz. 569, 571, ¶ 7 (App. 2013). "On review, we will accept the juvenile court's findings of fact unless they are clearly erroneous." *Michael M. v. Ariz. Dep't. of Econ. Sec.*, 217 Ariz. 230, 233, ¶ 10 (App. 2007). "[T]he juvenile court [is] in the best position to weigh the evidence, judge the credibility of the parties, observe the parties, and make appropriate factual findings." *Pima Cty. Dependency Action No. 93511*, 154 Ariz. 543, 546 (App. 1987). Thus, "this court will not reweigh the evidence but will look only to determine if there is evidence to sustain the court's ruling." *Mary Lou C. v. Ariz. Dep't. of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004). We construe the evidence in a light most favorable to affirming the juvenile court's ruling and review for abuse of discretion. *Willi G. v. Ariz. Dep't. of Econ. Sec.*, 211 Ariz. 231, 234–35 ¶¶ 13, 21 (App. 2005).

I.        The juvenile court did not abuse its discretion in finding that Mother was unwilling or unable to provide proper and effective parental care and control of the Children.

¶11       Mother argues that the juvenile court abused its discretion in its finding because she is both able and willing to exercise proper and effective parental care and control. She specifically argues that her yelling at the Children or past problems with their behavior does not make her home any different than most homes with teenagers.

¶12       We disagree that the juvenile court abused its discretion. One of the grounds for dependency is if a child is "[i]n need of proper and

effective parental care and control and . . . has no parent or guardian . . . willing to exercise or capable of exercising such care and control." A.R.S. § 8-201(14)(a)(i).

**¶13** Mother testified that on two or three occasions police had brought C.C. home in the middle of the night. The evidence showed that Mother yelled at C.C. for several hours on the relevant day in May 2015, yelled at K.C., and that there was a recurring theme of verbal abuse. Mother conceded that she could not control the Children's behavior. Additionally, the evidence showed that Mother had completed only one parenting class that was not required by DCS or her previous employment, and that she had not pursued other classes.

**¶14** Based on the above evidence, the juvenile court did not abuse its discretion in finding the Children dependent.

II. The juvenile court did not abuse its discretion in finding that Mother abused and/or neglected the Children.

**¶15** Mother argues that the juvenile court abused its discretion in finding that she had abused and/or neglected the Children because the police did not find probable cause to charge Mother in May 2015 so the evidence was insufficient for the court to find otherwise. Mother also argues that she did not injure, impair, disfigure, or emotionally damage the Children, and that there was no evidence in the record that she had neglected them by failing to provide supervision.

**¶16** One of the grounds for dependency is if a child's "home is unfit by reason of abuse, neglect, cruelty or depravity by a parent, a guardian or any other person having custody or care of the child." A.R.S. § 8-201(14)(a)(iii). Abuse is defined as:

> the infliction or allowing of physical injury . . . or the infliction of or allowing another person to cause serious emotional damage as evidenced by severe anxiety, depression, withdrawal or untoward aggressive behavior and which emotional damage is diagnosed by a medical doctor or psychologist and is caused by the acts or omissions of an individual who has the care, custody and control of a child.

A.R.S. § 8-201(2). Neglect is defined as "[t]he inability or unwillingness of a parent . . . of a child to provide that child with supervision . . . if that inability or unwillingness causes

5

unreasonable risk of harm to the child's health or welfare. . ." A.R.S. 8-201(24)(a).

¶17 The juvenile court evaluated Mother's testimony and the testimony of the Children as provided through the case manager, and it believed the Children. There is sufficient evidence to support the court's credibility determination regarding Mother, including Mother's contradictory statements about hitting the children, her minimization of the events in question, her past involvement with various child protective services agencies in other states, and the past dependency petitions filed against her.

¶18 Having made a credibility determination that favored the Children's testimony, there was more than sufficient evidence to support the court's finding. The evidence showed that there was a recurring theme of physical abuse, that Mother had hit K.C. and C.C. in May 2015, that she had yelled at them for several hours that day, and that she had hit K.C. with a metal stick. The juvenile court could have properly found that Mother's actions amounted to physical injury and emotional damage to the Children for a finding of abuse.

¶19 There was also sufficient evidence that Mother neglected the Children. The evidence showed that Mother failed to supervise C.C. on two or three occasions resulting in her leaving her baby alone at home.

## CONCLUSION

¶20 Having found that there was sufficient evidence to support the juvenile court's findings, we affirm the dependency ruling for K.C. and C.C. as to Mother pursuant to A.R.S. § 8-201(14)(a)(i) and (iii).



AMY M. WOOD • Clerk of the Court
FILED:  AA